| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| ALL AMERICAN PROPERTIES, INC. | : | |
| f/k/a ALL AMERICAN PLAZAS, INC. | : | |
|     Debtor | : | CASE NO. 1:10-bk-00273MDF |
| | : | |
| PETRO FRANCHISE SYSTEMS, LLC | : | Re: Motion for Reconsideration |
|     Movant | : | Docket No. 81 |
| | : | |
|     vs. | : | |
| | : | |
| ALL AMERICAN PROPERTIES, INC. | : | |
|     Respondent | : | |

**OPINION**[1]

Petro seeks reconsideration of this Court's Order entered March 10, 2010 denying its request for relief from the automatic stay. Petro sought relief from the automatic stay to enforce an order entered by the District Court on January 14, 2010 (the "January 14 Order") against Debtor. The January 14 Order was entered approximately forty minutes after Debtor filed its petition and, therefore, was entered in violation of the automatic stay.

In the Motion for Reconsideration, Petro amends its request for relief, stating that it will not pursue monetary relief against Debtor in the District Court and that all claims for monetary damages will be resolved through the filing of a proof of claim in Debtor's bankruptcy case. It seeks relief only for the purpose of enforcing the Covenant Not to Compete that was incorporated in the Franchise Agreement for the Breezewood Travel Center, which was terminated before the case was filed. At the hearing on this matter, Petro further represented that while it was seeking

---

[1] The findings of fact and conclusions of law set forth in this Court's Opinion dated March 10, 2010 denying Petro's Motion for Relief from the Automatic Stay to Allow the Entry and Enforcement of a Court Order Granting Injunctive Relief Against the Debtor are incorporated by reference. Capitalized terms have the same meaning assigned to them in the March 10 Opinion.

annulment of the stay, it would be satisfied if this Court granted Petro relief from the stay to resume the litigation in the District Court. For the reasons set forth below, the Motion for Reconsideration is granted and an order will be entered granting limited relief from the automatic stay.[2]

### I. Motion to Alter or Amend Judgment

Petro's Motion for Reconsideration is brought under L.B.R. 9023-1 and, therefore, under Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59. Rule 59(e) provides for the filing of a motion to alter or amend a judgment so that a court may revisit an order to correct "manifest errors of law or fact or to present newly discovered evidence." *Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc.,* 246 F. Supp. 2d 394, 398 (E.D. Pa 2002)(quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A motion under Rule 59(e) also will be granted to prevent "manifest injustice" or to address an intervening change in controlling law. Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright, Arthur K. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2810.1 (2006)(footnotes omitted) (quoted in In re *Machne Menachem, Inc.*, 371 B.R. 63, 73 (Bankr. M.D. Pa. 2006)). Whether or not to grant a motion for reconsideration is within the discretion of the trial court. *Adams v. Gould, Inc.* 739 F.2d 858, 864 (3d Cir. 1984).

### II. Modification of the Stay to Obtain Limited Relief

Petro does not specifically allege the existence of newly discovered evidence, that the

---

[2] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(B) and (O). This Opinion constitutes findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052.

2

Court made an error of fact or law, that entry of the order denying the stay created a manifest injustice, or that there has been an intervening change in the law. Petro does observe correctly that this Court's Opinion dated March 10, 2010 denying its request for relief from the automatic stay states that the prepetition actions of Debtor before the District Court justified lifting of the automatic stay under the standard set forth in *In re Hohol*, 141 B.R. 293, 297 (M.D. Pa. 1992). However, relief from the automatic stay was denied because the Court also had to balance the requested relief against the interests of Debtor, the estate and other creditors. At the hearing on the motion for relief, Petro urged this Court to annul the stay so that the January 14 Order of the District Court could be enforced. As noted in the March 10 Opinion, the January 14 Order not only provided for the enforcement of the Covenant Not to Compete, it also entered judgment by default against Debtor for approximately $495,000 in damages.

In its Motion for Reconsideration, Petro now avers that it did not intend to obtain monetary relief outside the claims process in this Court. Although the relief requested in the motion was broad, Petro observes that the primary thrust of its argument was directed toward obtaining enforcement of the Covenant Not to Compete. Petro further agrees that the Debtor may assert any defenses on the merits it may have to any proof of claim filed by Petro. Accordingly, although Petro's request for reconsideration of this Court's prior order denying relief from stay does not fit squarely within the standards set forth in Rule 59(e), I find that it is within my discretion to grant limited relief supported by the evidence rather than to deny any relief whatsoever.

Debtor, for its part, continues to assert that because the petition was filed before the January 14 Order was entered, this Court should determine the respective rights and

3

Case 1:10-bk-00273-MDF    Doc 129    Filed 04/15/10    Entered 04/15/10 16:43:13    Desc
Main Document    Page 3 of 9

responsibilities of Debtor and Petro in regard to the Covenant Not to Compete. Debtor also asserts that *Hohol* is distinguishable because the bankruptcy petition in that case was filed after an injunction order was entered. The stay was lifted in *Hohol* for the purpose of enforcing the injunction entered prepetition and not for the purpose of obtaining an injunction from the state court.

In *Hohol,* the movant was seeking relief from the stay to enforce an injunction entered in the state court before the debtor filed his petition. Although the facts of the within case and *Hohol* are distinguishable on this point, the decision in that case is based upon broader legal principals that are applicable here. In his opinion, Judge Nealon stated:

> There is no rigid test for determining when an unsecured creditor . . . has established cause to warrant relief from the automatic stay. Instead the cases recognize that the bankruptcy court's exercise of discretion in resolving motions for relief for "cause" must appropriately consider the policies underlying the Bankruptcy Code as well as the competing interests of the creditor, debtor, and other parties in interest. Each request for relief for cause . . . must be considered on its own facts.

*In re Hohol,* 141 B.R. 293, 297 (M.D.Pa.1992). Therefore, even if an injunction was not entered before the petition was filed here, it is appropriate for this Court to determine whether policies of the Bankruptcy Code and the competing interests of the various parties are best served by lifting the automatic stay for Petro to pursue limited relief in the District Court.

Even if I were to find that the holding in *Hohol* is inapplicable to the within case, there is authority for granting the limited relief now being pursued by Petro. Several courts in this circuit have relied upon a three-pronged test to determine whether cause exists for granting relief from the automatic stay to continue litigation in another forum. *See In re Tribune Company*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (citing cases). This test requires a consideration of : (1) whether

4

the debtor or the estate will be greatly prejudiced by continuation of the litigation in the other forum; (2) whether the hardship to the non-debtor party outweighs the hardship to the debtor; and (3) whether probability of prevailing on the merits favors the non-debtor. *Id.*

### A. Prejudice to Debtor or to the estate

Debtor asserts that it will be prejudiced if the stay is lifted and it is required to litigate the enforceability of the Covenant Not to Compete in Texas. In support of this assertion, Debtor states that one of the reasons it filed for bankruptcy protection was to avoid the costs associated with litigating Petro's complaint in Texas. Debtor also argues that the issue of the enforceability of the Covenant Not to Compete is within this Court's core jurisdiction and should be heard in bankruptcy court. Debtor's arguments are not persuasive.

The Franchise Agreement, out of which the Covenant Not to Compete arose, is not an asset of the estate. All rights Debtor enjoyed in the Franchise Agreement terminated before the bankruptcy case was filed. There are two matters arising from the Franchise Agreement that still must be resolved – the enforceability of the Covenant Not to Compete and the amount of any claims Petro has against Debtor arising out of the Franchise Agreement. The claim issue will be decided in the bankruptcy forum, but it is the most efficient use of judicial resources for the issues surrounding the Covenant Not to Compete to be decided by the District Court.

Debtor admits that whether the Covenant Not to Compete bars Debtor from operating the Breezewood Travel Center must be determined before Debtor is able to reorganize. If Debtor will be barred for some time period from operating the Breezewood Travel Center, it is important for this issue to be resolved as quickly as possible. Although the District Court is geographically remote, its familiarity with the facts of this case will enable it to adjudicate this matter more

efficiently than if this matter were heard in this Court.[3] The District Court is familiar with the issues and the parties. The Court addressed the enforceability of the underlying Franchise Agreement in the context of Petro's complaint against Debtor for violation of its trademark rights, ultimately entering a preliminary injunction against Debtor. *See Petro Franchise Systems, LLC v. All American Properties, Inc.*, 607 F. Supp. 2d 781 (W.D. Tex. 2009). Litigation before the District Court proceeded for more than a year before Debtor filed its petition.

Many of the facts that support Debtor's affirmative defenses to the enforcement of the Covenant Not to Compete have been considered by the District Court in prior proceedings.[4] Having addressed other issues related to the Franchise Agreement, the District Court is in a better position than this Court to promptly resolve this matter. Therefore, Debtor will not be prejudiced by continuation of the litigation in the District Court, which has mastered the facts and law relevant to a determination of whether the Covenant Not to Compete should be enforced against Debtor.

---

[3] Debtor suggests that because it filed its bankruptcy petition minutes before the District Court entered the January 14 Order awarding judgment to Petro, it will immediately enjoin Debtor's operation of the Breezewood travel center once the stay is lifted. Although Debtor's contemptuous conduct toward the District Court's prior orders may influence the disposition of the matter, this situation is of Debtor's own making. I do note that the District Court observed in its opinion in support of its order granting Petro's application for a preliminary injunction that "[f]ranchisees may run [the Breezewood and Milton] travel centers under a different brand - as they already do in other locations . . . ." 607 F. Supp. 2d at 802. Based upon this observation by the District Court, I cannot assume that it will strictly enforce the Covenant Not to Compete and bar Debtor from operating the Breezewood travel center under the Pilot brand.

[4] The District Court determined that even if Debtor held claims against Petro, if the claims arose from alleged breaches prior to the date of a release executed by the parties on March 11, 2008, pursuit of these claims would be foreclosed by the release.

*B. Balance of the hardships*

In addition to considering whether granting relief from the stay will harm the debtor or the estate, the Court must balance the hardship to the debtor against any hardship that movant will suffer through enforcement of the stay. Debtor will benefit if it can continue to operate the Breezewood Travel Center while Petro seeks an injunction against Debtor from this Court. If Debtor's operations are in violation of an enforceable Covenant Not to Compete, Debtor obviously benefits by delay in its enforcement. If the covenant is enforceable, Petro is harmed each day resolution of this issue is delayed. If the District Court determines that the Covenant Not to Compete is not enforceable, Debtor will have incurred the costs of litigating the matter in another forum, but it will have received the benefit of continued operations while the matter is decided. I find that the hardship imposed on Petro outweighs the hardship to Debtor.

*C. Probability of success on the merits*

The final prong of the test is whether the movant is likely to succeed on the merits in the litigation in the other forum. "Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case." *In re Continental Airlines, Inc. (American Airlines, Inc. v. Continental Airlines, Inc.)*, 152 B.R. 421, 426 (D. Del. 1993) *quoted in In re Tribune*, 418 B.R. at 129. *See, also, Izzarelli v. Rexene (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

Texas law explicitly recognizes the enforceability of a non-compete covenant in certain settings, if the restraint is subject to reasonable limitations.

> A covenant not to compete is enforceable under Texas law if it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitations as to time, geographical area, and scope of

> activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

Texas Bus. & Com. Code Ann. § 15.50 (2009). The Texas statute's core inquiry is whether the non-compete covenant is reasonable and does not exceed the restraints necessary to protect the party in whose favor the covenant is made. *Alex Sheshunoff Management Services, L.P. v. Johnson*, 209 S.W.3d 644, 655 (Tex. 2006). Debtor has the burden of establishing that the covenant does not meet the standards of §15.50 of the statute. Texas Bus. & Com. Code Ann. § 15.51 (2009).

The Covenant Not to Compete in the Franchise Agreement provides that, in the absence of Petro's written consent, for three years after the termination of the franchise Debtor may not "own or operate any non-Petro branded travel center" within 100 miles of any Petro branded travel center or of property on which Petro has an option to purchase or lease. However, Debtor may "acquire and operate an existing, non-Petro travel center." (Franchise Agreement § 1.7(2)) Debtor has not asserted that the terms of the Covenant Not to Compete are unreasonable. Rather, Debtor has argued that it has defenses to the enforcement of the covenant based upon Petro's conduct prior to termination of the Franchise Agreement. Based upon the record before me, there is inadequate evidence to determine whether the Covenant Not to Compete is reasonable and would be enforced as written. However, under Texas law[5], a court may reform a non-compete covenant to provide for reasonable restrictions as to time, geographical area and scope of activity, I find it probable that the District Court will enforce the Covenant Not to Compete in at least a modified form.

---

[5]*See* Texas Bus. & Com. Code Ann. § 15.51(c) (2009)

8

### III. Conclusion

After reconsideration of this Court's prior Order denying relief from the automatic stay, it is appropriate to grant limited relief for Petro to resume litigation in the District Court for the purpose of seeking injunctive relief against Debtor based upon alleged violations of the Covenant Not to Compete in the Franchise Agreement for the Breezewood Travel Center. An Order granting this limited relief shall be entered.

**By the Court,**

_____
Mary D. France
Chief Bankruptcy Judge

Date: April 15, 2010

*This document is electronically signed and filed on the same date.*